IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CR-00324-F-2
No. 5:13-CV-00381-F

| | |
|---|---|
| DERRICK RAYNARD HOLSTON, JR., ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |

This matter is before the court on the Government's Motion to Dismiss [DE-56] Derrick Raynard Holston, Jr.'s pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-50]. Also before the court is Holston's Motion for Summary Judgment [DE-60]. The issues have been fully briefed and are now ripe for ruling. For the reasons set forth below, the Government's Motion to Dismiss is ALLOWED and Holston's Motion for Summary Judgment is DENIED.

**Factual and Procedural Background**

On November 5, 2009, Holston and a co-defendant were charged in a five-count indictment. *See* Indictment [DE-4]. In Count One, Holston was charged with conspiracy to commit robbery in the special maritime and territorial jurisdiction, in violation of 18 U.S.C. § 371. Counts Two and Four charged Holston with robbery in the special maritime and territorial jurisdiction and aiding and abetting, in violation of 18 U.S.C. §§ 2111 and 2. In Counts Three and Five, Holston was charged with brandishing a firearm during and in relation to a crime of violence and aiding and abetting, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2.

Holston's arraignment was held on March 1, 2010. At his arraignment, Holston pled

guilty to Counts One, Two, Three and Four, pursuant to a written plea agreement [DE-32]. It was agreed that Count Five would be dismissed at sentencing. [DE-32 at 7.]

On June 11, 2010, Holston was sentenced to 45 months' imprisonment on Count One. *See* Judgment [DE-39]. Holston received 59 months' imprisonment on Count Two and 63 months' imprisonment on Count Three. Holston received 59 months' imprisonment on Count Four. The sentence imposed in Count Three was ordered to run consecutive to that imposed in Counts One, Two and Four. Holston did not appeal his conviction or sentence.

The court received Holston's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-50] on May 28, 2013. In his § 2255 motion, Holston argues that he received ineffective assistance of counsel. [DE-50 at 4.] Specifically, Holston contends that his attorney improperly advised him that the reference in his Presentence Report to an infraction while serving in the military in a combat role was properly included in calculating his sentence. *Id.* Additionally, Holston contends that his attorney improperly advised him that a prior conviction resulting in no jail time and no probation was properly counted against him. *Id.* The Government has filed a Motion to Dismiss [DE-56] Holston's § 2255 motion pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, arguing that Holston's § 2255 motion is time-barred.

**Legal Standard**

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for the dismissal of an action when the court lacks subject matter jurisdiction. When determining whether jurisdiction exists, the district court may consider evidence outside the pleadings without converting the motion to one for summary judgment. *Richmond, Fredericksburg & Potomac R.R. Co. v. United*

2

*States*, 945 F.2d 765, 768 (4th Cir. 1991). The burden of proving subject matter jurisdiction is on the party asserting jurisdiction. *Id.* (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)).

## Discussion

### I. 2255 Motion

**A. Holston's Motion to Vacate is Time-Barred.**

On April 24, 1996, Congress enacted the Anti-terrorism and Effective Death Penalty Act ("AEDPA"). Under the AEDPA, there is a one-year statute of limitations for filing a motion for collateral relief. Section 2255(f) provides:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of - -
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4). When a defendant does not appeal, his conviction becomes final when his opportunity to appeal expires. *See Clay v. United States*, 537 U.S. 522, 524-25, 532 (2003).

3

In this case, Holston's Judgment [DE-39] was entered on June 11, 2010, and he filed the instant § 2255 motion on May 20, 2013, at the earliest.[1] Thus, Holston filed his § 2255 motion well beyond this one-year period. For this reason, Holston has not shown that his motion is timely under § 2255(f)(1). Additionally, Holston does not allege that governmental action impeded his ability to file his § 2255 motion. Thus, Holston's § 2255 motion is not timely under § 2255(f)(2). Holston's motion is also untimely pursuant to 28 U.S.C. § 2255(f)(3), as Holston's motion is not based upon a newly recognized right made retroactively applicable by the Supreme Court. Finally, Holston's motion is also not timely pursuant to 28 U.S.C. § 2255(f)(4). In sum, Holston's motion was not filed within one year of any of the circumstances described in § 2255(f), and as such, it is untimely.

### B. Holston is Not Entitled to Equitable Tolling.

Holston contends that he is entitled to equitable tolling. [DE-50 at 12.] Holston specifically argues as follows:

> The petitioner has very limited education and relied at all times on the advice of his attorney that he [sic] sentence had been properly calculated. Equitable tolling should apply because in addition to the foregoing, petition [sic] had little or no access to a law library containing the United States Sentencing Guidelines or people knowledgeable in the law to guide and advise him. During this period of time, petitioner and other inmates were locked down for extended periods of time and only, within the last three weeks, becamae [sic] aware that his sentence had been improperly calculated.

Id.

Equitable tolling is available only in "'those rare instances where—due to circumstances

---

[1] A prisoner's habeas petition is deemed filed when he delivers it to prison officials for mailing to the court. See Rule 3(d), Rules Governing § 2255 Proceedings. Holston dated his signature on the § 2255 motion as May 20, 2013. [DE-50 at 13.]

4

external the party's own conduct–it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). In order to be entitled to equitable tolling, the movant must show: (1) that he has diligently pursued his rights, and (2) that some extraordinary circumstance prevented the timely filing. *See Holland v. Florida*, 560 U.S. 631, 649 (2010).[2] In the Fourth Circuit, an otherwise time-barred petitioner must show (a) extraordinary circumstances, (b) beyond the petitioner's control or external to his own conduct, (c) that prevented him from making a timely filing. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004).

The court finds that there are no extraordinary circumstances in the record which prevented Holston from filing a timely § 2255 motion. *See, e.g., Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) (attorney miscalculation of deadline is not sufficient to warrant equitable tolling); *Rouse*, 339 F.3d at 248-50 (same); *Sosa*, 364 F.3d at 512 (ignorance of the law is not a basis for equitable tolling in the case of an unrepresented prisoner); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (unfamiliarity with the law due to illiteracy or *pro se* status does not toll the limitations period). Accordingly, Holston is not entitled to equitable tolling.

## II. Motion for Summary Judgment

Holston has filed a Motion for Summary Judgment [DE-60]. Summary judgment is appropriate where there is no genuine issue of material fact and it appears that the moving party

---

[2] Although *Holland* concerned a state prisoner's federal habeas action under § 2254, the Fourth Circuit has applied its rationale to federal prisoners' § 2255 actions. *See, e.g., Mubang v. United States*, No. DKC 03–0539, 2011 WL 3511078, at *15 n.17 (D.Md. Aug. 9, 2011) (citing *United States v. Terrell*, No. 10–6886, 2010 WL 5376290, at *1 (4th Cir. Dec. 21, 2010); *United States v. Oriakhi*, No. 08-8224, 394 Fed. Appx. 976, 977-78 (4th Cir. 2010)).

is entitled to judgment as a matter of law. *United States v. Lee*, 943 F.2d 366, 368 (4th Cir. 1991) (applying the summary judgment standard to a motion to vacate). Any permissible inferences which are drawn from the underlying facts must be viewed in a light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. Ltd.*, 475 U.S. 574, 587-88 (1986). Summary judgment is appropriate when the record taken as a whole could not lead a trier of fact to find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In this case, as noted above, the Government is entitled to dismissal on the basis that Holston's § 2255 motion is time-barred. For this reason, Holston's Motion for Summary Judgment [DE-60] is DENIED.

**Conclusion**

For the foregoing reasons, the Government's Motion to Dismiss [DE-56] is ALLOWED and Holston's § 2255 motion [DE-50] is DISMISSED. Also, Holston's Motion for Summary Judgment [DE-60] is DENIED. The court concludes that Holston has not made the requisite showing to support a certificate of appealability. Therefore, a certificate of appealability is DENIED.

SO ORDERED.

This the 27 day of August, 2014.

*James C Fox*
James C. Fox
Senior United States District Judge

6